UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SA CV 19-00112-DOC (KKx)                                   Date: April 17, 2019

Title: GARY O'GILVIE V. ADLER TANK RENTALS, LLC ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [11]**

Before the Court is Plaintiff Gary O'Gilvie's ("O'Gilvie" or "Plaintiff") Motion to Remand ("Motion") (Dkt. 11). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS Plaintiff's Motion to Remand.

**I.   Background**

**A.   Facts**

The Court adopts the facts as set out in Plaintiff's Complaint ("Compl.") (Dkt. 1-1). On December 6, 2016, Plaintiff was injured while working at the Marine Corps Air Ground Combat Center Twentynine Palms ("MCAGCC") when the top rung of a ladder affixed to the side of a roll-off container ("Container") broke free as he was climbing it. *See generally* Compl. Plaintiff fell to the ground and suffered personal injuries as a result. *Id*. ¶ 29.

The instant action is brought against Adler Tank Rentals, LLC ("Adler"), Black Gold Industries ("BGI"), Consolidated Fabricators Corp. ("ConFab"), and Does 1–20 (collectively, "Defendants"). *See generally id*. Defendant Adler is a Delaware corporation registered to do business in California, and its principal place of business is in Livermore, California. *Id.* ¶ 2. Defendant BGI is a corporation duly organized and existing under California laws with its principal place of business in Oxnard, California. *Id.* ¶ 3. Defendant ConFab is a California corporation with its principal place of business in Van Nuys, California. *Id.* ¶ 4.

Defendant Adler owns and offered for rent the rectangular Container. *Id.* Defendant ConFab manufactured and distributed the Container to Adler. *Id.* ¶ 10. Adler then leased the Container to Defendant BGI, who on or prior to December 6, 2016, provided the Container to Plaintiff's employer for use as a container to contain debris from environmental remediation projects. *Id.* ¶ 11.

When the incident occurred, Plaintiff was a federal employee working at the MCAGCC located in Twentynine Palms, California. Notice of Removal, Ex. 3 at 73. O'Gilvie is a civilian employee of the United States Marine Corp ("USMC") Natural Resource and Environmental Affairs ("NREA") working as an Engineer Tech. *Id.*

On December 6, 2016, Plaintiff was working in the field at MCAGCC and was disposing of material in the Container. *Id.*; Compl. ¶ 13. As Plaintiff climbed the rungs of the Container, he placed his hands on the top rung of the ladder, which broke off in Plaintiff's hands. *Id.* ¶ 14. Plaintiff fell from the top of the Container to the ground below, as a result sustaining serious and permanent injuries to his person. *Id.* ¶ 14–15. Since the injury, Plaintiff has been forced to use approximately 524 hours of sick time while being treated for injury to his left wrist and right shoulder, including a surgery of his right shoulder. David Rubin Declaration ("Rubin Decl.") (Dkt. 11-4), ¶ 5. Plaintiff alleges that he has sustained and continues to suffer from other injuries and emotional distress as a result of the incident. Compl. ¶ 15.

### B.     Procedural History

On October 29, 2018, Plaintiff filed the Complaint in the Superior Court of California, County of San Bernardino. *See* Compl. Plaintiff brings two state-law claims: (1) strict liability—product defect; and (2) negligence—products liability. *Id.* ¶¶ 16–29. Plaintiff seeks relief in the form of general and special damages, medical and incidental expenses including future expenses, loss of earnings and other incidental expenses, attorneys' fees and costs, and pre-judgment interest. *Id.* at 6.

On December 21, 2018, ConFab answered the Complaint (Dkt. 1-1) and filed a cross-complaint against Does 1-100 (Dkt. 1-1). On December 31, 2018, BGI answered the Complaint (Dkt. 1-1).

On January 18, 2019, Adler removed the case to this Court. On February 15, 2019, Plaintiff moved to remand the case. On February 25, 2019, Adler opposed the motion to remand ("Opp'n") (Dkt. 18) and submitted an evidentiary objection in support of its opposition ("Objection") (Dkt. 19). On March 4, 2019, Plaintiff replied ("Reply") (Dkt. 23).

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011). If the court lacks subject matter jurisdiction, any action it takes is a nullity. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17 (1951). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action. *Id.*

## III. Discussion

Adler removed the action to this Court because according to Defendant, Plaintiff's claims arise from events that occurred within a federal enclave. Notice of Removal at 4–6. Moreover, Adler argues that because ConFab was fraudulently served and BGI may

not have been properly served, it need not meet the requirements under 28 U.S.C. § 1446(a) that all defendants join a petition for removal. *Id*. at 7. Plaintiff moves to remand, arguing that (1) Adler failed to comply with the procedural requirements; and (2) the Court lacks original subject matter jurisdiction because MCAGCC is not a federal enclave. Mot*.* at 7–14.  The Court addresses each argument in turn.

### A. Procedural Requirements

According to Plaintiff, Adler (1) did not file the notice of removal within 30 days of receiving the initial pleading; and (2) did not properly join either of the co-defendants upon filing the notice of removal. Mot. to Remand at 4–7.

### 1. Timeliness of the Removal Petition

Plaintiff notes that on November 19, 2018, the Complaint and accompanying documents were served on the agent for service of process of defendant Adler. Rubin Decl., ¶ 7; *Id*., Ex. 6 (Adler proof of service). On January 18, 2019—sixty days after Adler was served with the Complaint—Defendant filed its Notice of Removal. *Id*., Ex. 8. Plaintiff concedes that the MCAGCC is not named in the Complaint, such that notice of the federal enclave jurisdiction did not arise on the date of service. Reply at 3. But According to Plaintiff, counsel disclosed the location of the event as MCAGCC before November 19, 2018. *Id*.

Adler responds that its removal is timely because according to Adler, Plaintiff's initial Complaint provides no indication that the alleged injury occurred on land that could be a federal enclave as the MCAGCC is never referred to in the pleading. Opp'n at 3. Defendant argues that its counsel was required to investigate all case documentation, including past settlement offers, to find possible grounds for federal jurisdiction based on settlement demand claims that the alleged injury occurred at the MCAGCC. *Id*. Defendant notes that its conduct was confirmed by the Motion to Remand, which specifically refers to the alleged injury occurring at the MCAGCC. *Id*.

Under 28 U.S.C. § 1446(b), a case may be removed during the first thirty days after the defendant receives the initial pleading, which only applies if the ground for removal is revealed affirmatively in the initial pleading. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694–95 (9th Cir. 2005). The second thirty-day period for removal applies when "the case stated by the initial pleading is not removable." *Id.* (citing 28 U.S.C. § 1446(b)(3)). Under these circumstances, "a notice of removal may be filed within thirty days after receipt by the defendant…of a copy of an amended pleading,

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable…." 28 U.S.C. § 1446(b)(3).

Given the evidence presented, the Court concludes that the removal did not meet the procedural requirements under § 1446(b). Plaintiff provides records showing that Adler had actual notice that Plaintiff's injuries occurred on MCAGCC when it was served on November 19, 2018. Reply at 4. Plaintiff's counsel had exchanged multiple emails with Adler's insurance provider, Liberty Mutual, dating back to January 5, 2017. Rubin Decl. (Dkt. 23-1) ¶¶ 2–5; *Id.*, Exs. 1–3. If Adler had retained the record of emails exchanged between its insurance provider and Plaintiff's counsel, which allude to the location of Plaintiff's injury multiple times throughout the conversations, then it should have had notice that the ground for removal existed based on the venue of the dispute.

Even if Adler was not placed on actual notice by the first thirty-day period for removal, it was placed on notice by the second thirty-day period for removal. On November 26, 2018, seven days after Adler was served with the summons and complaint, Plaintiff's attorney provided Adler's then-attorney, Cameron Holmes, with a copy of Plaintiff's demand identifying MCAGCC as the location. Rubin Decl. ¶ 7; *Id.*, Ex. 5. The location of the injury was provided in the email exchanged between Plaintiff's counsel and Adler's insurance adjuster in August 2018—the same letter that Adler appended as an exhibit to the Notice of Removal filed in January 2019. Rubin Decl. ¶ 6; *Id.*, Ex. 4; Notice of Removal, Ex. 3. Using November 26, 2018 as the start of the second thirty-day period for removal, the proper deadline for Defendant to have removed this case would have been December 26, 2018. However, Adler did not remove this case until January 18, 2019. Adler's failure to remove this case within thirty days renders the notice of removal untimely. 28 U.S.C. § 1446(b).

### 2.     Joinder of Defendants is Deficient

Next, Plaintiff argues that Adler did not attempt to join or get the consent of its co-defendants to remove this case, both of whom had previously filed answers in state court.

Adler clings to the argument that the other Defendants have consented to removal and are in the process of filing the appropriate corresponding appearance paperwork, if they have not already done so. Opp'n at 4. "These consents constitute the cure of any alleged removal defect pertaining to consent." *Id.*

When there is more than one defendant in the action, all defendants must unanimously agree to join in or consent to the removal. *Hewitt v. City of Stanton*, 798

F.2d 1230, 1232 (9th Cir. 1986); *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).

BGI was served electronically on November 27, 2018. Rubin Decl., ¶ 5 (Dkt. 11-4). Under § 1441(a), BGI would have had until December 27, 2018 to file a timely notice of removal. However, according to an email sent to Adler, BGI did not expressly consent to the removal until January 31, 2019. Opp'n, Ex. 1. Therefore, BGI did not file a notice of removal within the 30 day time limit. The third co-defendant, ConFab, was served through substituted service on November 27, 2018. Notice of Removal, Ex. 2 at 70. Although Adler disputes the propriety of the process of service, ConFab had notice of the summons and complaint because it filed a timely answer and a cross-complaint on December 21, 2018. *See* Docket 1-1. Despite Adler's allegation that all Defendants had unanimously consented to the removal, no record has been provided showing when and if ConFab had consented to the removal. *See* Opp'n, Ex. 1.

Failure to comply with the thirty-day time limitation or the unanimity requirement renders the removal procedurally defective. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Procedural defects in removal are not jurisdictional as such defects are modal or formal and may be waived. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980); *Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F. Supp. 560, 562 (C.D. Cal. 1988). However, the time limit is mandatory and a timely objection to a late petition will defeat removal unless a party waives the defect or is estopped from objecting to the untimeliness by failing to assert his rights. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).

Here, the procedural defects are substantial and defeat removal of this case.

### B.     Subject Matter Jurisdiction

Regardless of the procedural defects, the Court briefly addresses whether Plaintiff's personal injury claims give rise to federal subject matter jurisdiction. Federal courts have federal question jurisdiction over tort claims that arise on "federal enclaves." *See* 28 U.S.C. § 1331; *Willis v. Craig*, 555 F.2d 724, 726 n.4 (9th Cir. 1977) (per curiam). The parties do not dispute the law, but contest the facts.

Plaintiff contends that MCAGCC is not a federal enclave, primarily relying on a decision in *Swift v. Tatitlek Support Serv., Inc.*, No. 5:15-CV-01718-SVW-JPR (C.D. Cal. Oct. 26, 2016), in which Judge Stephen Wilson held that MCAGCC is not a federal

enclave.[1] Mot. to Remand at 11–12. In *Swift*, the court dealt with the jurisdictional question of whether the United States has exclusive jurisdiction over any legal claims arising out of or in connection to the MCAGCC military base. *Swift*, No. 5:15-CV-01718-SVW-JPR at 1. The *Swift* court conducted a thorough substantive analysis of this issue, ultimately finding that United States did not have exclusive legislative jurisdiction over the land occupied by the MCAGCC military base. *Id.* at 22.

Defendant argues that MGACC is a federal enclave, with the land for the facility being acquired prior to 1952. Notice of Removal at 5. The base's history "shows that by the time the base was formally created by Camp Pendleton Post Order 343 on August 20, 1952, the land was already held by the federal government since at least World War II." *Id*. Thus, according to Defendant, the State of California previously ceded authority over civil cases to the federal government. *Id*.

While not binding on this Court, the Court finds the decision in *Swift* to be persuasive. In light of Judge Wilson's thorough analysis of this issue, the Court DENIES the request for discovery as to federal enclave jurisdiction.

## IV. Costs and Fees

Following remand of a case upon unsuccessful removal, the district court may, in its discretion, award attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005). The Court declines to award attorney's fees because Defendant had an objectively reasonable basis for seeking removal.

## V. Disposition

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remand and REMANDS this action to the Superior Court of the State of California, County of San Bernardino.

---

[1] In denying the defendant's summary judgment motion in part based on the argument that federal law preempts state laws because MCAGCC qualifies as a federal enclave, the court in *Swift* held that United States never obtained exclusive jurisdiction over MCAGCC because it did not follow the proper procedures prescribed by Chapter 56 of the California Statutes of 1897, whereby "land ceded to the federal government rather than purchased or condemned, could only be obtained through fulfilling the procedural requirements of Chapter 56." *Id.*

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                               Initials of Deputy Clerk: djl